FILED

NOV 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIBERTO PENALOZA,

              Plaintiff - Appellant,

    v.

DR. ATTYGALLA; et al.,

              Defendants - Appellees.

No. 11-55426

D.C. No. 2:09-cv-07347-GHK-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

California state prisoner Eriberto Penaloza appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs following an assault by another inmate. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Penaloza's action without prejudice because Penaloza failed to exhaust administrative remedies before filing suit and he failed to provide sufficient evidence to show that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable"); *see also Wyatt*, 315 F.3d at 1119-20 ("In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

**AFFIRMED.**

11-55426